## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RAY ROGER JORDAN,                      )
                                       )
     **Petitioner,**                  )
                                       )
**v.**                                 )     **Case No. CIV-21-701-G**
                                       )
**STEVEN HARPE, ODOC Director,**       )
                                       )
     **Respondent.**[1]               )

## ORDER

Petitioner Ray Roger Jordan, a state prisoner appearing pro se, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) challenging his state-court criminal conviction. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review.

### I.    *Procedural Background*

As alleged in the pleading, Petitioner seeks federal habeas relief upon his 2017 first-degree murder conviction in the District Court of Wagoner County, Oklahoma. *See* Pet. at 1; *State v. Jordan*, No. CF-2015-629 (Wagoner Cnty. Dist. Ct.). On May 5, 2017, Petitioner was sentenced to a term of life imprisonment. *See* Doc. No. 14-1.

Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the judgment and sentence. Pet. at 3; *see Jordan v. State*, No. F-2018-91 (Okla. Crim. App.).

---

[1] The current director of the Oklahoma Department of Corrections is hereby substituted as Respondent. *See* Fed. R. Civ. P. 25(d), 81(a)(4).

On August 24, 2020, Petitioner filed an application for postconviction relief in the trial court. Pet. at 4. The trial court denied relief. *Id.* at 5. On appeal, the OCCA affirmed. *See id.*; *Jordan v. State*, No. PC-2021-103 (Okla. Crim. App.).

Petitioner then filed the instant habeas corpus action on July 13, 2021, raising five grounds for relief. *See* Pet. at 6-14. Respondent, ODOC Director Steven Harpe, filed an answer, as well as the state-court record. *See* Doc. Nos. 14, 15, 16.

II.      *The Report and Recommendation*

On March 16, 2022, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 17), addressing Petitioner's habeas request. In the R. & R., Judge Mitchell thoroughly outlined the relevant procedural and factual background and concluded that the Petition should be denied. *See id.* at 2-30.

Petitioner timely filed an Objection (Doc. No. 18) to the R. & R. Respondent did not respond to the Objection. Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

III.     *Discussion*

A.      *Ground One: Ineffective Assistance of Appellate Counsel*

In Ground One, Petitioner raises several arguments as to why he received constitutionally ineffective assistance from his attorney on direct appeal. *See* Pet. at 6-9. As noted in the R. & R., of the arguments that Petitioner now contends were improperly omitted from his direct appeal, three such alleged omissions were raised with the trial court

through Petitioner's application for postconviction relief.  *See* Pet'r's Postconviction Appl. (Doc. No. 14-5) at 5-13 (arguing that Petitioner's appellate counsel was ineffective for omitting from the appeal (i) trial counsel's failure to impeach the credibility of the State's witnesses, (ii) trial counsel's failure to procure expert witnesses, and (iii) trial counsel's failure to present meaningful adversarial testing).  The remainder of the alleged omissions, however, were not previously presented as a basis for finding that Petitioner's appellate counsel was constitutionally ineffective.  The Court discusses these groups of claims separately.

### 1. Claims Raised in Postconviction Proceedings

After the trial court denied Petitioner's postconviction application, the OCCA affirmed, holding:

> Upon review, we agree that Petitioner has failed to demonstrate appellate counsel's ineffectiveness.  As set forth in *Logan v. State*, 2013 OK CR 2, ¶ 5, 293 P.3d 969, 973, post-conviction claims of ineffective assistance of appellate counsel . . . are reviewed under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).
>
> Under *Strickland*, a petitioner must show both (1) deficient performance, by demonstrating that counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 687-89.  "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (quoting *Strickland*, 466 U.S. at 689).  Petitioner has failed to rebut this presumption.  Accordingly, the district court did not abuse its discretion when it denied relief on Proposition 1.

OCCA Postconviction Order (Doc. No. 14-7) at 3-5 (citation omitted).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court

> must apply a highly deferential standard in § 2254 proceedings, one that demands that state-court decisions be given the benefit of the doubt. If a claim has been "adjudicated on the merits in State court proceedings," we may not grant relief under § 2254 unless the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

*Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013) (citation and internal quotation marks omitted). Because the OCCA applied *Strickland* to deny Petitioner's ineffective-assistance-of-appellate-counsel claim on the merits, this Court reviews the OCCA's decision under § 2254(d)(1) "to determine whether or not it applied *Strickland* in an objectively reasonable manner." *Spears v. Mullin*, 343 F.3d 1215, 1248 (10th Cir. 2003); *see* OCCA Postconviction Order at 4. When the "highly deferential" standard of *Strickland* is applied in tandem with the "highly deferential" standard of § 2254(d), the resulting review is "doubly" deferential. *Harrington*, 562 U.S. at 105 (internal quotation marks omitted). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The magistrate judge carefully reviewed the trial evidence and argument and concluded that each of Petitioner's claims of error as to his trial counsel lacked merit. *See* R. & R. at 12-20. Accordingly, the R. & R. concluded that the OCCA did not unreasonably

apply *Strickland* in denying the associated claims of ineffective assistance of appellate counsel and that Petitioner was not entitled to relief on Ground One under AEDPA. *See id.* (citing *Cargle v. Mullin*, 317 F.3d 1196, 1202-03 (10th Cir. 2003)).

In his Objection, Petitioner criticizes his counsel's choice to only raise other, unrelated claims on direct appeal, arguing that this approach "doomed his client to automatic failure." Pet'r's Obj. at 2-3. Nothing in the Objection, however, shows any error in either Judge Mitchell's analysis of the claims that were allegedly improperly omitted from the appeal or the OCCA's application of *Strickland* on postconviction appeal. Accordingly, Petitioner has not shown that the OCCA's decision "involved an unreasonable application of" *Strickland*, and he is not entitled to federal habeas relief. 28 U.S.C. § 2254(d)(1); *see Cargle*, 317 F.3d at 1202 (noting that if the issue omitted from the appeal "is meritless" "its omission will not constitute deficient performance").

### 2. *Unexhausted Ineffective-Assistance Claim*

Petitioner asserts that "the rest of the grounds raised" in the pleading—i.e., Grounds Two through Five, addressed below—"could and should have been raised on Petitioner's direct appeal" and that his counsel was ineffective for failing to do so. Pet. at 8.

In order to be heard in federal court on a petition for writ of habeas corpus, a state prisoner generally must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). As explained by the Tenth Circuit,

> To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If a state prisoner has not properly exhausted state remedies, the

5

federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011); *see also Cash v. United States*, No. CIV-20-884-R, 2021 WL 666974, at *2 (W.D. Okla. Jan. 20, 2021) (R. & R.) ("To fully exhaust the claims in state court, the claims must have been presented to the state's highest court, the Oklahoma Court of Criminal Appeals (OCCA)."), *adopted*, 2021 WL 666969 (W.D. Okla. Feb. 19, 2021).

Judge Mitchell found that while Grounds Two through Five were raised by Petitioner in postconviction proceedings as stand-alone claims, their omission from direct appeal was not presented in such proceedings as a basis for finding that Petitioner's appellate counsel was constitutionally ineffective.  *See* R. & R. at 20-24.  Petitioner disputes this finding, contending that he did attempt to raise these grounds in the context of an ineffective-assistance claim and that, given his pro se status, it is the State's fault that it did not address them as such before the state courts.  *See* Pet'r's Obj. at 1-2.

Having reviewed the state-court filings de novo, the Court concurs with the R. & R. and finds that Petitioner cannot reasonably be said to have raised to the trial court an ineffective-assistance claim based upon the omission of Grounds Two through Five.  *See* Pet'r's Postconviction Appl. at 7-13 (expressly presenting the three claims discussed *supra* in Part III(A)(1) as those improperly omitted by appellate counsel on direct appeal); *see also Grant v. Royal*, 886 F.3d 874, 890-91 (10th Cir. 2018); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).  Nor did the OCCA sua sponte reach this claim in

disposing of Petitioner's postconviction appeal.  *See* OCCA Postconviction Order at 2-5.
*See generally Alverson v. Workman*, 595 F.3d 1143, 1153 n.3 (10th Cir. 2010) (agreeing
with other circuits that "a state appellate court's sua sponte consideration of an issue"
"satisfies § 2254's exhaustion requirement").  Accordingly, Petitioner has not exhausted
his state-court remedies as to this claim.

Judge Mitchell further found, and the undersigned agrees, that if Petitioner now
attempted to raise this ineffective-assistance claim in the Oklahoma courts, the state courts
would find this claim procedurally barred.  *See* R. & R. at 24-25.  The R. & R. recommends
that the Court deem this unexhausted claim procedurally defaulted for purposes of federal
habeas[2] due to application of an "anticipatory procedural bar."  *See* R. & R. at 5; *Fontenot
v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021) (explaining that "in appropriate circumstances
the court can apply an 'anticipatory procedural bar' to functionally transform unexhausted
claims into exhausted ones"); *see also Grant*, 886 F.3d at 891-92; *Anderson v. Sirmons*,
476 F.3d 1131, 1139 n.7 (10th Cir. 2007).  Petitioner offers no reason to reject this
conclusion.

Federal habeas review of this defaulted claim is precluded absent a showing by
Petitioner of either (1) "cause for the default and actual prejudice as a result of the alleged

---

[2] "A state prisoner's default of his federal claims in state court under an independent and
adequate state procedural rule bars federal habeas review of those claims."  *Finlayson v.
Utah*, 6 F.4th 1235, 1238 (10th Cir. 2021) (citing *Coleman v. Thompson*, 501 U.S. 722
(1991)).  The Tenth Circuit has recognized that Oklahoma's bar on raising any claim for
relief in a postconviction application that could have been raised on direct appeal or a prior
postconviction proceeding is an independent and adequate state ground.  *See, e.g.*, *Smith v.
Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008).

violation of federal law," or (2) that "a fundamental miscarriage of justice" will result if the claims are not considered. *Coleman*, 501 U.S. at 750; *see* R. & R. at 25-27. Even liberally construed, there has been no showing made in the Objection or elsewhere in the record as to either of these exceptions.

Accordingly, Petitioner's claim of ineffective assistance of appellate counsel based upon the omission of Grounds Two through Five on direct appeal is barred by anticipatory procedural default, and he is not entitled to habeas relief on this claim.

### B. *Grounds Two Through Five*

In Ground Two, Petitioner argues that there was insufficient evidence presented at trial to support his conviction for first-degree murder. *See* Pet. at 9-10. In Ground Three, Petitioner alleges that the trial court improperly "fail[ed] to ascertain whether extrinsic influence prejudiced the entire jury panel." *Id.* at 11-12. Ground Four of the Petition asserts that the trial court erred "by implying to the jury that there was a time limit in which the entire trial would be completed." *Id.* at 12-13. And in Ground Five, Petitioner argues that the accumulation of errors in this case deprived him of due process. *See id.* at 13-14.

Petitioner initially raised these claims in his application for postconviction relief. *See* Pet'r's Postconviction Appl. at 18-24. The trial court held: "[Petitioner] fails to establish that these claims could not have been raised on direct appeal and are, therefore, not procedurally barred." Trial Ct. Postconviction Order (Doc. No. 1-2) at 1.

On postconviction appeal, the OCCA similarly concluded:

> Concerning Propositions 2 through 5, we agree with the district court; these claims either were, or could have been, presented on direct appeal. As such, they will not be considered on post-conviction because they are either

waived or *res judicata*. *Fox v. State*, 1994 OK CR 52, ¶ 2, 880 P.2d 383-84. For this reason, it was not an abuse of discretion for the district court to deny relief on Propositions 2, 3, 4, and 5.

OCCA Postconviction Order at 3.

As noted, "[a] state prisoner's default of his federal claims in state court under an independent and adequate state procedural rule bars federal habeas review of those claims." *Finlayson*, 6 F.4th at 1238. The magistrate judge explained that this Court "may not consider claims defaulted in state court on adequate and independent state procedural grounds 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' *Coleman*, 501 U.S. at 750." R. & R. at 28. The R. & R. further found that the OCCA's waiver rule has been held to be both independent and adequate and that Petitioner had not established either cause and prejudice or that a fundamental miscarriage of justice would result absent consideration of these claims. *See id.* at 28-30.

Nothing in Petitioner's Objection or elsewhere in the record evinces any error in the R. & R.'s findings and conclusions. Although Petitioner again points to his lack of legal training, *see* Pet'r's Obj. at 2, it is well established a petitioner's pro se status does not constitute external "cause" for failure to present a claim in the habeas corpus context. *See, e.g.*, *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991). Accordingly, Petitioner is not entitled to relief on any of Grounds Two through Five.

CONCLUSION

For all these reasons, the Report and Recommendation (Doc. No. 17) is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DENIED. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 16th day of April, 2024.


CHARLES B. GOODWIN
United States District Judge